MATOS V. A. LYNN É HIJOS DE PÉREZ MORIS.

QUESTION OF COMPETENCY between the Municipal Court of Ponce and the Municipal Court of the Cathedral District of San Juan.

No. 1.—Decided June 20, 1904.

JURISDICTION—SUBMISSION EXPRESS OR IMPLIED.—The judge to whose jurisdiction the litigants have submitted, either expressly or tacitly, is the one who is competent to hear and determine actions of every character.

ID.—The mere act of filing a complaint will be understood as tacit submission of the plaintiff, and any step taken by the defendant other than to raise the question of jurisdiction will be understood as tacit submission on the part of the defendant.

ID.—The fact that the defendant has appeared in a case moving for a continuance of the same, involves an implied acknowledgment of the jurisdiction of the court, and therefore he has tacitly submitted to its jurisdiction, and will therefore be estopped from raising the question of jurisdiction.

## STATEMENT OF THE CASE.

An examination has been made of these proceedings pending before us, growing out of a question of jurisdiction between the municipal court of Ponce and that of the Cathedral district of San Juan as to the right to take cognizance of a verbal action prosecuted in the former of said municipal courts by Rafael Matos Bernier against the A. Lynn é Hijos de Pérez Moris Company, who are engaged in business in this city, for the recovery of damages in the sum of four hundred dollars for the non-performance of a contract.

An action having been brought in the municipal court of Ponce, on the 22nd of December last, by Attorney Juan González Font, as counsel for Rafael Matos Bernier, against the mercantile firm doing business in this city under the name and style of A. Lynn é Hijos de Pérez Moris, for the recovery of damages in the sum of four hundred dollars for the non-fulfillment of a contract, the 4th day of the following month of January was set for the trial of the case, and, the defendant company having been duly cited and summoned, Attorney Antonio Moreno Calderon, on behalf of said company, submitted a motion to said municipal court asking for a postponement of the trial and that another day be set therefor, on the ground that he was obliged to be present on said day at another verbal trial in the municipal court of the Cathedral district of this city. An order was made accordingly fixing the 14th day of said month of January for the holding of the verbal trial.

Notice of the new date set for the trial having been given to the firm of A. Lynn é Hijos de Pérez Moris, the said attorney Moreno Calderón, on behalf of said firm, thereupon made written application to the municipal court of the Cathedral district of this city, praying it to issue a writ of inhibition to the Ponce court, on the ground that said court of the Cathedral district had exclusive jurisdiction of the verbal action in question, inasmuch as the demand being in the na-

ture of a personal action, and the place of performance of the obligation not being specified, the competent judge was that of the domocile of the defendant, namely, the judge of the Cathedral district of this city. The opinion of the Department of Justice having been obtained, which concurred in the proposed inhibition, the inhibitory writ applied for was issued to the municipal court of Ponce directing it to abstain from taking jurisdiction of the matter, and to forward the record of proceedings so as to enable the court issuing the writ to continue taking cognizance thereof.

The inhibitory writ having been received by the judge to whom it was issued, and the matter having been referred to the *fiscal,* who made report thereon to the effect that the Ponce court ought to maintain its jurisdiction for the reason that the judge thereof was that of the place where the obligation should be fulfilled, the municipal court of that city made an order refusing the proposed inhibition, and this decision having been communicated to the court of the Cathedral district, and the latter having insisted upon maintaining its jurisdiction, both judges transmitted their respective records to this Supreme Court for a decision of the controversy.

The question of jurisdiction was presented and a hearing granted to the *fiscal* of this court, who was of the opinion that the municipal court of Ponce should be declared competent for the reason that both parties had impliedly submitted themselves to its jurisdiction, but that, in case this view should not be held, the question should be resolved in favor of the municipal court of the Cathedral district as being that of the domicile of the defendant. A day was set for the hearing and the same was held, the *fiscal* of this court and the attorney for the petitioning firm being present.

*Mr. Pérez Moris,* for defendant.

*Mr. del Toro, Fiscal,* for the People.

The plaintiff did not appear.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

Pursuant to articles 56 and 58 of the Law of Civil Procedure, the competent judge to take cognizance of the suits arising from actions of all kinds shall be the one to whom the litigants may have submitted themselves; and the submission shall be understood to be made impliedly by the plaintiff by the mere fact of filing his complaint before the judge, and by the defendant by the fact of taking any step in the action, except to formally object to the jurisdiction of the judge by declinature, after his appearance has been entered therein.

The defendant firm having appeared in the action through its attorney in order to ask, as it did so ask and obtain, the postponement of the trial until a new date was set therefor, through inability to be present thereat on the appointed day, impliedly recognized the jurisdiction of the municipal court of Ponce, and tacitly became subject to its jurisdiction. For this reason, and in accordance with the provisions of article 75 of the said Law of Civil Procedure, it was without grounds to raise the question of jurisdiction in any form.

Inasmuch as both parties must be understood to have impliedly submitted to the jurisdiction of the municipal court of Ponce, therefore, it is the competent court to take cognizance of the verbal action in question.

In view of the legal provisions cited, we adjudge that we ought to declare and we do so declare that the municipal court of Ponce is competent to hear and determine the verbal action instituted therein by Rafael Matos Bernier against the firm of A. Lynn é Hijos de Pérez Moris for the recovery of four hundred dollars in damages. The record of the proceedings had for the continuation of said action is ordered to be returned, and this decision is ordered to be communicated to the municipal judge of the Cathedral district for his information and other proper purposes, no special imposition of costs being made.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.